# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA*. |
|---|

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 1061 Main Street, Bridgeport, Connecticut 06604 | ( 203 ) 579 – 6527 | August 4, 2020 |

| ☒ Judicial District    G.A. | At *(City/Town)* | Case type code *(See list on page 2)* |
|---|---|---|
| ☐ Housing Session   ☐ Number: | Fairfield | Major: **C**      Minor: **40** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| Fox Rothschild LLP, 101 Park Avenue, 17th Floor, NY, NY 10178 | 429762 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 212 ) 878 – 7900 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes  ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* mschenker@foxrothschild.com |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: R-K Black Rock I, LLC<br>Address: Independent Drive, Suite 114, Jacksonville, Florida 32202 | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name: The Gap, Inc.<br>Address: 2 Folsom Street, San Francisco, California 94105 | D-01 |
| **Additional defendant** | Name:<br>Address: | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |
| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| July 7, 2020 | *[signature]* | ☐ Clerk | Matthew J. Schenker |

| If this summons is signed by a Clerk: | *For Court Use Only* |
|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | File Date |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

**Instructions**

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.

   Do not use this summons for the following actions:
   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (c) Applications for change of name
   (d) Probate appeals
   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Summary Process (Eviction) actions
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

**Case Type Codes**

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 50 | Uninsured/Underinsured Motorist Coverage |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Housing | H 10 | Housing - Return of Security Deposit |
| | H 12 | Housing - Rent and/or Damages |
| | H 40 | Housing - Housing - Audita Querela/Injunction |
| | H 50 | Housing - Administrative Appeal |
| | H 60 | Housing - Municipal Enforcement |
| | H 90 | Housing - All Other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 15 | Receivership for Abandoned/Blighted Property |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |
| | M 90 | All other |

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

RETURN DATE:  AUGUST 4, 2020

| | |
|---|---|
| R-K BLACK ROCK I, LLC, | SUPERIOR COURT FOR THE |
| Plaintiff, | JUDICIAL DISTRICT OF |
| v. | FAIRFIELD |
| THE GAP, INC., | AT FAIRFIELD |
| Defendant. | JULY 6, 2020 |

## COMPLAINT

Plaintiff R-K Black Rock I, LLC ("Plaintiff" or "Landlord"), by and through its attorneys, hereby alleges as follows:

### PARTIES

1.     Plaintiff is a foreign entity that owns the real property commonly known as Black Rock I Shopping Center located at 2215 Black Rock Turnpike, in the City of Fairfield, County of Fairfield, State of Connecticut (the "Shopping Center").

2.     Defendant The Gap, Inc. ("Defendant" or "Tenant") is a Delaware corporation authorized to conduct business in Connecticut and doing business at the Shopping Center.

### JURISDICTION

3.     Defendant is subject to the jurisdiction of the Connecticut Superior Court pursuant to Conn. Gen. Stat. 52-59b(a)(1) and (a)(4).

4.     Jurisdiction is proper in the judicial district of Fairfield pursuant to Conn. Gen. Stat. 51-345(1) because Defendant is operating business at the real property at issue in the judicial district of Fairfield.

### BACKGROUND FACTS

5.     Plaintiff is the landlord of aforementioned Shopping Center.

6. On or about July 30, 1999, Sun Realty Associates, LLC, as predecessor to Landlord, and Tenant entered into that certain lease agreement for a certain space at the shopping center ("the Premises"). The Lease and any and all amendments or modifications are collectively referred to as the "Lease".

7. The term of the Lease is to expire on January 31, 2024 ("Expiration Date").

8. As set forth in the express terms of the Lease, Tenant agreed to pay "Minimum Rent" to Landlord. Furthermore, under the Lease the Tenant agreed to pay to the Landlord common area maintenance charges, taxes and insurance charges as therein provided.

9. Tenant subsequently defaulted on its rent payment obligations in violation of the express terms of the Lease.

10. On June 8, 2020, Landlord sent a Notice of Default to Tenant, for failure to pay rent and a Demand for all due and owing amounts under the Lease (the "Notice of Default"). A true and correct copy of the Notice of Default is attached hereto as **Exhibit "A"** and incorporated herein by reference for all purposes.

11. Pursuant to the express terms of the Lease, Tenant's failure to pay rent and other sums due under the Lease constitute an "Event of Default."

12. The Lease states that "[i]f either party shall bring an action against the other to enforce or interpret the terms of this Lease or otherwise arising out of this Lease, the prevailing party in such action shall be entitled to its costs of suit and reasonable attorney's fees."

13. In spite of the express terms of the Lease, and in spite of being in receipt of the Landlord's Notice of Default, Tenant has failed and refused, and continues to fail and refuse to make any of the requested payments and has failed to abide by the terms of the Lease for the

Premises. As a result, Tenant owes past monthly rental payments and other sums in the aggregate amount of $119,729.28.

14. As a result of its failure to pay, Tenant has wholly defaulted and Tenant has failed to cure the defaults under the express terms of the Lease despite having been provided with notice and opportunities to cure the defaults.

## COUNT I (Breach of Contract)

15. Landlord incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

16. Landlord and Tenant entered into the Lease pursuant to which Tenant was required to pay to Landlord rent and other charges.

17. Tenant materially breached the Lease with Landlord, by, inter alia, failing to pay landlord rent and other charges.

18. Landlord has performed all of its duties under the Lease.

19. As a result of Tenant's breach, Landlord has suffered damages, in the amount of at least $119,729.28.

**WHEREFORE**, Plaintiff seeks recovery of:

1. Actual damages of not less $119,729.28, all accelerated and future rentals and other amounts as due under the Lease or at law;

2. Reasonable attorney's fees as permitted under the Lease;

3. Costs;

4. Pre-Judgment interest pursuant to Conn. Gen. Stat. 37-3a.

5. Post-judgment interest; and

6. Such other and further relief to which the Plaintiff may justly be entitled.

THE PLAINTIFF, R-K BLACK ROCK I, LLC

By: _____

Matthew J. Schenker
**FOX ROTHSCHILD LLP**
Juris No. 429762
101 Park Avenue, 17th Floor
New York NY 10178
Telephone: (212) 878-7900
Facsimile: (212) 692-0940
mschenker@foxrothschild.com

4

RETURN DATE: AUGUST 4, 2020

| | |
|---|---|
| R-K BLACK ROCK I, LLC, | SUPERIOR COURT FOR THE JUDICIAL DISTRICT OF FAIRFIELD |
| Plaintiff, | |
| v. | AT FAIRFIELD |
| THE GAP, INC., | |
| Defendant. | JULY 6, 2020 |

## STATEMENT IN RELIEF AND AMOUNT IN DEMAND

The amount, legal interest, or property in demand is greater than $15,000, exclusive of interests and costs.

THE PLAINTIFF, R-K BLACK ROCK I, LLC

By: /s/ Matthew J. Schenker

Matthew J. Schenker
**FOX ROTHSCHILD LLP**
Juris No. 429762
101 Park Avenue, 17th Floor
New York NY 10178
Telephone: (212) 878-7900
Facsimile: (212) 692-0940
mschenker@foxrothschild.com

# Exhibit A

**Regency Centers.**

One Independent Drive
Suite 114
Jacksonville, FL 32202

904 598 7000
RegencyCenters.com

## NOTICE OF DEFAULT
June 8, 2020

**VIA UNITED PARCEL SERVICE**

The Gap, Inc
Attn: Real Estate Payables Store #2337
4400 Masthead Street N.E., Suite 300
Albuquerque, NM 87109-4684

The Gap Inc
Attn: Real Estate Law Store #2337
2 Folsom Street
San Francisco, CA 94105

Re:  Shopping Center Lease dated July 30, 1999 (as at any time amended, modified or assigned, the "Lease") between The Gap, Inc., a Delaware corporation ("Tenant") and R-K Black Rock I, LLC, a Delaware limited liability company ("Landlord") for Gap Store #2337 in the premises located at Black Rock I Shopping Center in Fairfield, Connecticut (the "Premises")

Dear Tenant:

Tenant is hereby notified that it is in default of the Lease for failure to pay rent and other charges pursuant to the terms of the Lease.

Tenant owes Landlord **$119,729.28** for rent and other charges due under the Lease (see attached). Tenant has **ten (10) days** after receipt of this notice to pay this amount to Landlord at the address shown at the top of this letter. **Please note that acceptance of any rent, other charges, or partial payments thereof during or after this cure period shall not constitute a waiver of any rights under the Lease or Connecticut law.** Upon failure to make payment, Landlord reserves its right to any one or all of the following remedies afforded under the Lease:

   a) Commence summary proceedings to recover possession.
   b) To demand payment of all outstanding balances, plus accelerated rental charges without further notice.
   c) To deem any option or exclusive provision null and void, as permitted by the Lease.
   d) To all other remedies available to Landlord under the terms of the Lease and applicable law.

This demand is made without prejudice as to any right of action which the Landlord may maintain for present and future damages, costs, attorney's fees, late fees, and other expenses pursuant to the commercial lease. All future payments will be accepted with the Landlord's reservation to pursue all remedies and rights that it may have under the law, without further notice of said reservation, including, but not limited to, the right to seek possession of the premises.

This notice is given pursuant to the laws of the State of Connecticut and the terms of the Lease. Please govern yourself accordingly.

Sincerely,

*[signature]*

Ernst A. Bell
V.P., Associate General Counsel

Enclosure
cc:   Craig Ramey, Managing Director (via email)

## **ITEMIZATION OF AMOUNTS DUE AND OWING**

**GAP**
Tenant No: 660990
A/R Balance as of 6.05.2020

| Invoice Date | Description | Amount Due |
|---|---|---|
| 08/16/18 | Payment | ($9,336.24) |
| 01/01/19 | REAL ESTATE TAX | $8,684.64 |
| 02/01/19 | INSURANCE | ($20.59) |
| 04/01/19 | REAL ESTATE TAX | $9,323.94 |
| 06/04/19 | REAL ESTATE TAX REC PRIOR YEAR | $434.62 |
| 07/12/19 | CAM - Stated | $162.72 |
| 12/26/19 | ACH | ($409.86) |
| 01/01/20 | CAM - Stated | ($167.59) |
| 01/01/20 | INSURANCE | ($256.32) |
| 01/29/20 | ACH | ($409.86) |
| 02/01/20 | CAM - Stated | ($167.59) |
| 02/01/20 | INSURANCE | ($256.32) |
| 02/26/20 | ACH | ($409.86) |
| 03/01/20 | CAM - Stated | $5,586.50 |
| 03/01/20 | INSURANCE | ($256.32) |
| 04/01/20 | BASE RENT | $26,791.67 |
| 04/01/20 | CAM - Stated | $5,586.50 |
| 04/01/20 | INSURANCE | $256.32 |
| 04/01/20 | REAL ESTATE TAX | $9,323.94 |
| 05/01/20 | BASE RENT | $26,791.67 |
| 05/01/20 | CAM - Stated | $5,586.50 |
| 05/01/20 | INSURANCE | $256.32 |
| 06/01/20 | BASE RENT | $26,791.67 |
| 06/01/20 | CAM - Stated | $5,586.50 |
| 06/01/20 | INSURANCE | $256.32 |
| | **Total Amount Due:** | **$119,729.28** |

**Regency Centers.**

One Independent Drive
Suite 114
Jacksonville, FL 32202

904 598 7000
RegencyCenters.com

## NOTICE OF DEFAULT
June 8, 2020

**VIA UNITED PARCEL SERVICE**

| | |
|---|---|
| The Gap, Inc<br>Attn: Real Estate Payables Store #2337<br>4400 Masthead Street N.E., Suite 300<br>Albuquerque, NM 87109-4684 | The Gap Inc<br>Attn: Real Estate Law Store #2337<br>2 Folsom Street<br>San Francisco, CA 94105 |

Re: Shopping Center Lease dated July 30, 1999 (as at any time amended, modified or assigned, the "Lease") between The Gap, Inc., a Delaware corporation ("Tenant") and R-K Black Rock I, LLC, a Delaware limited liability company ("Landlord") for Gap Store #2337 in the premises located at Black Rock I Shopping Center in Fairfield, Connecticut (the "Premises")

Dear Tenant:

Tenant is hereby notified that it is in default of the Lease for failure to pay rent and other charges pursuant to the terms of the Lease.

Tenant owes Landlord **$119,729.28** for rent and other charges due under the Lease (see attached). Tenant has **ten (10) days** after receipt of this notice to pay this amount to Landlord at the address shown at the top of this letter. **Please note that acceptance of any rent, other charges, or partial payments thereof during or after this cure period shall not constitute a waiver of any rights under the Lease or Connecticut law.** Upon failure to make payment, Landlord reserves its right to any one or all of the following remedies afforded under the Lease:

   a) Commence summary proceedings to recover possession.
   b) To demand payment of all outstanding balances, plus accelerated rental charges without further notice.
   c) To deem any option or exclusive provision null and void, as permitted by the Lease.
   d) To all other remedies available to Landlord under the terms of the Lease and applicable law.

This demand is made without prejudice as to any right of action which the Landlord may maintain for present and future damages, costs, attorney's fees, late fees, and other expenses pursuant to the commercial lease. All future payments will be accepted with the Landlord's reservation to pursue all remedies and rights that it may have under the law, without further notice of said reservation, including, but not limited to, the right to seek possession of the premises.

This notice is given pursuant to the laws of the State of Connecticut and the terms of the Lease. Please govern yourself accordingly.

Sincerely,

*[signature]*

Ernst A. Bell
V.P., Associate General Counsel

Enclosure
cc:   Craig Ramey, Managing Director (via email)

## ITEMIZATION OF AMOUNTS DUE AND OWING

**GAP**
Tenant No: 660990
A/R Balance as of 6.05.2020

| Invoice Date | Description | Amount Due |
| --- | --- | --- |
| 08/16/18 | Payment | ($9,336.24) |
| 01/01/19 | REAL ESTATE TAX | $8,684.64 |
| 02/01/19 | INSURANCE | ($20.59) |
| 04/01/19 | REAL ESTATE TAX | $9,323.94 |
| 06/04/19 | REAL ESTATE TAX REC PRIOR YEAR | $434.62 |
| 07/12/19 | CAM - Stated | $162.72 |
| 12/26/19 | ACH | ($409.86) |
| 01/01/20 | CAM - Stated | ($167.59) |
| 01/01/20 | INSURANCE | ($256.32) |
| 01/29/20 | ACH | ($409.86) |
| 02/01/20 | CAM - Stated | ($167.59) |
| 02/01/20 | INSURANCE | ($256.32) |
| 02/26/20 | ACH | ($409.86) |
| 03/01/20 | CAM - Stated | $5,586.50 |
| 03/01/20 | INSURANCE | ($256.32) |
| 04/01/20 | BASE RENT | $26,791.67 |
| 04/01/20 | CAM - Stated | $5,586.50 |
| 04/01/20 | INSURANCE | $256.32 |
| 04/01/20 | REAL ESTATE TAX | $9,323.94 |
| 05/01/20 | BASE RENT | $26,791.67 |
| 05/01/20 | CAM - Stated | $5,586.50 |
| 05/01/20 | INSURANCE | $256.32 |
| 06/01/20 | BASE RENT | $26,791.67 |
| 06/01/20 | CAM - Stated | $5,586.50 |
| 06/01/20 | INSURANCE | $256.32 |
| | **Total Amount Due:** | **$119,729.28** |